GRIFFIN, Judge.
This is an appeal of a final order of the Florida Unemployment Appeals Commission (“UAC”) dismissing an employer’s appeal for lack of jurisdiction.
Yvonne B. Vickey (“Vickey”) was formerly an employee of appellant, BellSouth Communications, Inc. (“BellSouth”), who worked as an assistant manager of marketing and training in Orlando, Florida. After her job was eliminated, Vickey accepted early retirement from BellSouth and then filed for unemployment compensation, claiming that her retirement was involuntary. The Division of Unemployment Compensation (“the Division”) agreed that because no bona fide offer of another job had been made to Vickey, she was entitled to unemployment compensation.
A notice of the award was sent to Bell-South at its address of record in Atlanta, Georgia on July 2, 1992. BellSouth apparently transmitted the notice to Bob Prescott, its Manager of Human Resources, whose office was located in Birmingham, Alabama. By letter dated July 21, 1992, Prescott notified the Division that Bell-South was appealing the Division’s determination.1 The letter provided:
BellSouth Communications, Inc. is formally appealing the unemployment compensation claim of Yvonne B. Vickey, SSN 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.
Ms. Vickey retired from BellSouth Communications, Inc. under the BellSouth Corporation Voluntary Enhanced Early Retirement Program 1991 (VEER91). Attached is a copy of Ms. Vickey's acceptance of the VEER offering.
If you need additional information, please contact Bob Prescott, Manager— Human Resources at 205-985-6598.
The Division treated Prescott’s letter as a notice of appeal and set the case for hearing before an appeals referee on September 3, 1992. The notice of hearing was sent to BellSouth’s offices in Orlando, Florida and Atlanta, Georgia; it was not sent to Prescott in Birmingham, Alabama. By letter dated August 26, 1992, Vickey requested a continuance of the hearing because of job interviews she had previously scheduled out of state.2 The hearing was accordingly rescheduled for September 17, 1992. Once again, the notice of hearing was sent to BellSouth in Orlando and Atlanta, but no copy was sent to Prescott in Birmingham, Alabama.
BellSouth failed to appear at the September 17, 1992 hearing before the appeals referee. Consequently, by order dated September 18, 1992, the appeal was dismissed for failure to prosecute. The order provided:3
Upon written request of [BellSouth], the Appeals Referee may for good cause rescind this decision and reopen the appeal, provided that such request is filed with the Appeals Referee within twenty (20) calendar days of the date the decision is mailed. Such request should be mailed *564or delivered to the address at the top of this decision.
Like the earlier notices, the order was forwarded to BellSouth in Orlando and Atlanta but not to Prescott in Birmingham, Alabama.
The order of dismissal was eventually forwarded to BellSouth’s Jacksonville, Florida office, presumably by BellSouth employees.4 A copy of the order was then faxed to Birmingham, Alabama. That same day, BellSouth’s Birmingham office filed a notice of appeal with the Commission and notified UAC by letter that it had not received notice of the earlier hearing, nor had it been sent a copy of the decision. On December 7, 1992, the Commission dismissed the appeal, finding that it was without jurisdiction to consider the merits of the appeal. BellSouth has appealed the dismissal order; we reverse.
The issue for our consideration is whether the UAC complied with the administrative rule requirements for the giving of notice of a scheduled appeals hearing and transmittal of the appeals decision. UAC concedes that if the rules required notice be sent to Prescott, then BellSouth is entitled to relief.
The notice requirements for a hearing before an appeals referee are as follows:
The appeals referee shall mail notice of the hearing to all parties at least 10 days prior to the date of the hearing. In proceedings to which the Division of Unemployment Compensation is a party, the notice shall be directed to the Director of the Division of Unemployment Compensation. Whenever practicable, notices to employers shall be mailed to both the employer’s official address of record and to the job site where the claimant was employed. Notices shall also be provided to attorneys and representatives of record, [emphasis added].
Fla.Admin.Code R. 38E-5.015(1). The notice requirements applicable to a written decision rendered by the appeals referee are:
A copy of the decision shall be mailed to the address of record of each of the parties or their attorneys or representatives of record, if any, by regular U.S. Mail, [emphasis added].
Fla.Admin.Code R. 38E-5.025(4). The phrase “address of record” is defined by the code as follows:
Address of Record. The mailing address of a claimant, employing unit, or authorized representative, provided in writing to the Division, and to which the Division shall mail correspondence.
Fla.Admin.Code R. 38B-2.022(1). “Representative of record” is not defined.
UAC contends that although Prescott was a “representative” of BellSouth and although UAC accepted and acted on Prescott's notice of appeal by setting a hearing, he was nevertheless not a “representative of record” because his letter was not sufficient for that purpose. UAC contends Prescott was only entitled to notice as a “representative of record” if he specifically requested notice or if he identified himself as a “representative of record”, using that precise term. We conclude that when an attorney or representative of an employer files a notice of appeal, and that notice is deemed sufficient to commence the appeal, he or she becomes an “attorney or representative of record”, entitled to receive copies of all appeal filings. Prescott was BellSouth’s representative of record for Vickey’s appeal and was entitled to receive a copy of the notices and orders.
REVERSED and REMANDED.
PETERSON, J., concurs.
THOMPSON, J., dissents, with opinion.

. The letter was on letterhead identifying a Birmingham, Alabama address and telephone number.

. Her letter does not reflect that BellSouth was sent a copy.

. The order was apparently based on Florida Administrative Code 38E-5.017(2), which provides for the dismissal of an appeal because of an appellant’s failure to appear at a hearing before the appeals referee. The rule states that "[fjailure of the appellant to appear at the hearing shall constitute grounds for dismissal of the appeal.”

. BellSouth's brief suggests that the order was forwarded to Jacksonville because Vickey’s former supervisor was located there.